UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIRSON J. ORTEGA, | |
| Petitioner, | Civ. No. 15-1253 (JBS) |
| v. | **ORDER** |
| WARDEN JORDAN HOLLINGSWORTH, et al, | |
| Respondent. | |

Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on February 18, 2015.

1.  Petitioner is a convicted and sentenced federal prisoner, currently incarcerated at FCI Fort Dix, New Jersey.

2.  The petition challenges the judgment of conviction entered by the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Union County Branch.

3.  Petitioner named both Linda Kelly, former Attorney General of the Commonwealth of Pennsylvania, and the office of the Attorney General of the Commonwealth of Pennsylvania as Respondents.

4.  On April 8, 2015, this Court ordered Jordan Hollingsworth, as the Warden of FCI Fort Dix, be substituted for Linda Kelly, and directed the petition to be served on Warden Hollingsworth and the Pennsylvania Attorney General.  (Docket Entry 5).

5.  The Order specifically directed both Respondents to file a full and complete answer within forty-five (45) days. (Docket Entry 5 at 3).

6. As no answer was received by either Respondent by the expiration of the 45-day period, May 26, 2015, this Court issued an Order to Show Cause on June 1, 2015. (Docket Entry 8).

7. The Office of the United States Attorney submitted a letter on June 3, 2015 in response on behalf of Warden Hollingsworth, indicating that the petition had not been mailed to Fort Dix until May 29, 2015 (see Docket Entry 7). (Docket Entry 9).

8. The Assistant United States Attorney further indicated that as Petitioner only appeared to challenge his state sentence and not his federal sentence, it was the Office's position that "the Pennsylvania state authorities should be the entity responsibility for filing a substantive response to the petition, and this Office does not intend to file a further substantive response unless otherwise directed by the Court." (Docket Entry 9 at 2).

9. A response by the Pennsylvania Attorney General was docketed on June 11, 2015, indicating that it had been operating under the assumption that the Office had been intended to be removed from the matter, rather than just Linda Kelly. (Docket Entry 11). A review of the docket indicates the Pennsylvania Attorney General was terminated as a party on May 29, 2015.

10. The Office of the Attorney General stated it would be willing to address the merits of the petition, but as the signing attorney was not admitted to practice before this Court and could not use electronic filing system, it suggested the petition be transferred to the Middle District of Pennsylvania. (Docket Entry 11). This Court subsequently granted Jennifer A. Peterson's motion to appear pro hac vice. (Docket Entry 15).

11. Under the Rules Governing Section 2254 proceedings, "If the petitioner is not yet in custody but may be subject to future custody under the state-court judgment being

contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." 28 U.S.C. § 2254 Rule 2(b) (emphasis added). Thus, Warden Hollingsworth, as Petitioner's current custodian, was properly substituted for Linda Kelly, and the Pennsylvania Attorney General is required to remain as a respondent.

12. In proceedings under § 2254, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). A petition may be transferred in furtherance of justice, however any such request must be made by formal motion in order to give all parties a chance to respond. The Pennsylvania Attorney General may promptly file a motion to transfer, and, if warranted, an enlargement of time to answer until the issue of transfer is determined.

13. Petitioner moved for a default judgment as Respondents did not file an answer to the petition within the time period set by the Court in its Order to Show Cause. (Docket Entry 14).

14. Respondents explained their failure to file an answer and requested an opportunity to answer the petition in their responses to the Order to Show Cause. (Docket Entries 9 and 11). An entry of default by the Clerk of Court serves as a "prerequisite" to obtaining a default judgment by the court. Husain v. Casino Control Comm'n, 265 F. App'x 130, 133 (3d Cir. 2008); see also Fed. R. Civ. Pro. 55(a). The Clerk of the Court did not enter any default by Respondent, therefore default judgment is not appropriate. Further, the delay of the Pennsylvania Attorney General in filing an answer is excusable given the highly unusual circumstance of a non-resident federal prisoner contesting a state conviction that is not the basis for his present federal confinement.

15.     Furthermore, the interests of justice would not be served by vacating Petitioner's Pennsylvania convictions without a response by the Pennsylvania Attorney General's Office. Petitioner's motion is denied.

16.     Respondents shall submit an answer[1] to the petition or, in the alternative, a motion to transfer, in conformance with this Court's previous order within **30 days** of this Order. Petitioner may respond to the answer or motion within **30 days** of receipt of the answer.

THEREFORE it is, on this   **26th**   day of   **October**  , **2015**,

**ORDERED** that the Attorney General of the Commonwealth of Pennsylvania is **REINSTATED** as a Respondent in this matter; and it is further

**ORDERED** that the motion for default judgment is DENIED (Docket Entry 14); and it is further

**ORDERED** that Respondents shall submit an answer to the petition within **30 days** of this Order, in conformance with the requirements set forth in this Court's April 8, 2015 order or alternatively file a motion for transfer of venue. Petitioner may respond to the answer or motion within **30 days** of receipt of the answer; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail.

 s/ Jerome B. Simandle  
JEROME B. SIMANDLE  
Chief United States District Judge

---

[1] Any answer on behalf Warden Hollingsworth, as Petitioner's current custodian, needs only to acknowledge whether Petitioner continues to be confined at FCI Fort Dix, but need not address the merits of the Petition regarding the Pennsylvania conviction.